# LAW OFFICE OF ABEL L. PIERRE
## ATTORNEY-AT-LAW, P.C.

165 BROADWAY, 23RD FLOOR
NEW YORK, NEW YORK 10006
TEL: (212) 766-3323
FAX: (212) 766-3322
abel@apierrelaw.com

March 2, 2026

**<u>VIA ECF</u>**



Honorable Gary Stein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **<u>Re: *Bella v. LVNV Funding LLC, et al.*, Case No. 1:25-cv-00850 (JLR) (GS)</u>**
> **<u>Related Case: *Bella v. Resurgent Capital Services, L.P.*, Case No. 1:26-cv-00442</u>**

Dear Magistrate Judge Stein:

This firm represents Plaintiff John Bella ("Plaintiff") in the above-referenced actions. Pursuant to Federal Rule of Civil Procedure 42(a) and Your Honor's Individual Rules, we respectfully submit this letter motion to consolidate *Bella v. LVNV Funding LLC, et al.*, Case No. 1:25-cv-00850 (the "LVNV Action") with *Bella v. Resurgent Capital Services, L.P.*, Case No. 1:26-cv-00442 (the "Resurgent Action").

## I. Background and Shared Factual Nexus

The LVNV Action, commenced on January 29, 2025, arises from violations of the Fair Credit Reporting Act ("FCRA") regarding a fraudulent Cross River Bank account opened in Plaintiff's name via identity theft. This specific debt was allegedly transferred to LVNV through a complex chain of assignments involving Best Egg, Sherman Originator LLC, and Sherman Originator III LLC.

During discovery in the LVNV Action, a corporate representative for LVNV testified during a deposition that LVNV **abdicates all investigative responsibility** to its sister company and servicer, Resurgent. This is no exaggeration—LVNV's corporate representative testified more than 12 times that LVNV relies on Resurgent for credit reporting, maintaining files on accounts, processes for verifying information relating to accounts, dispute investigations, FCRA compliance policies and procedures, and a host of other responsibilities. (*See, e.g.*, Ex. 1,

Henderson Dep. at 43:6–21; 45:13–20; 52:7–18; 57:9–58:8; 61:23–62:2; 64:9–21; 68:17–69:18; 71:9–21; 84:14–17; 85:15–18; 86:4–22; 87:6–10.) This testimony confirms LVNV possesses no internal dispute-handling mechanism and instead relies on Resurgent for everything relating to the FCRA. The deposition of LVNV from which the attached testimony came took place on January 14, 2026. Immediately after learning this information, Plaintiff filed the Resurgent Action on January 16, 2026. Because Resurgent is the functional "investigative arm" of LVNV, it bears at least some responsibility for the violations alleged in both Complaints.

## II. Common Questions of Law and Fact

Consolidation is mandatory for efficiency here, as these actions involve a meaningful overlap of factual and legal issues. Both cases center on the exact same identity theft occurrence, the same fraudulent Cross River Bank account, and the same dispute correspondence sent by Plaintiff on October 9, 2023, and July 18, 2024.

Because Resurgent handles all investigations for LVNV and LVNV has no employees, the corporate witnesses, internal policies, and "automated dispute verification" (ACDV) records will be identical for both matters. So will the policies and procedures Resurgent followed when it investigated Plaintiff's disputes. The overlap is significant, as even both witnesses that served as corporate representatives for LVNV were Resurgent employees.

Both complaints assert identical causes of action under the FCRA, specifically:

1. **15 U.S.C. § 1681s-2(b) (Duties of Furnishers upon Notice of Dispute):** Both actions allege that after receiving notice of a dispute from a consumer reporting agency, the Defendants failed to (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer; and (C) report the results of the investigation to the consumer reporting agency.
2. **15 U.S.C. § 1681n** (**Civil Liability for Willful Noncompliance**) Both actions seek to determine if the Defendants "willfully fail[ed] to comply with any requirement" of the Act, which would entitle Plaintiff to actual damages, "statutory damages of not less than $100 and not more than $1,000," and "such amount of punitive damages as the court may allow."
3. **15 U.S.C. § 1681o (Civil Liability for Negligent Noncompliance):** Both actions alternatively allege that the Defendants were "negligent in failing to comply with any requirement" of the Act, entitling Plaintiff to actual damages and the costs of the action together with reasonable attorney's fees.

### III. Legal Argument for Consolidation

Federal Rule of Civil Procedure 42(a) provides that a district court may consolidate "actions before the court involving a common question of law or fact". FED. R. CIV. P. 42(a)(2). "'A determination on the issue of consolidation is left to the sound discretion of the Court,'" *In re UBS Auction Rate Sec. Litig.*, No. 08 Civ. 2967 (LMM), 2008 WL 2796592, at *1 (S.D.N.Y. July 16, 2008) (quoting *Albert Fadem Tr. v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002)), and involves weighing considerations of convenience, judicial economy, and cost reduction while ensuring that the "paramount concern for a fair and impartial trial" is honored. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990) (citing *Flintkote Co. v. Allis–Chalmers Corp.*, 73 F.R.D. 463 (S.D.N.Y. 1977)). The Second Circuit holds that the "paramount objective" of consolidation is to promote judicial economy. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

### IV. Consolidation Would Promote Judicial Economy

Separate proceedings would require the Court and the parties to oversee duplicative 30(b)(6) depositions of the same Resurgent/LVNV personnel who managed the unified investigative process. Two proceedings would also take up Court resources needlessly, as a consolidated case would permit the Parties to litigate all issues together with a largely duplicative set of evidence, which further conserves Court and Party resources.

Because LVNV has admitted that its investigative functions are performed by Resurgent, these cases are inextricably linked by that relationship. Consolidating these matters into a single case allows for a streamlined discovery period and prevents the Court from ruling twice on the same investigative process, linked to the same internal corporate policies, and which were conducted by the same individuals.

### V. Consolidation Would Prevent Inconsistent Rulings

Assuming that LVNV allowing Resurgent to take control of LVNV's FCRA processes wholesale is permitted, the central legal inquiry in both cases is the "reasonableness" of the investigation performed by Resurgent and/or LVNV. Maintaining separate actions risks an inconsistent result where the same investigative conduct is deemed "reasonable" in one case but not the other. *See Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993).

### VI. Status of Discovery and Lack of Prejudice

While discovery in the LVNV Action is closed and the Parties are preparing to brief summary judgment, Plaintiff moved quickly to file the Resurgent Action within days of learning the role Resurgent played in the dispute-investigation process. It was therefore no strategic decision to file the Resurgent Action when Plaintiff did. The only delay that may be attributed to

the timing to this Motion is due to Plaintiff's early requests to Resurgent's Counsel (the same firm representing LVNV) as to whether it would consent to consolidation. Counsel asked for additional time to consider that request but has not responded to Plaintiff's follow-up messages. Plaintiff is therefore filing this Motion without knowing LVNV and Resurgent's ultimate position, in the interest of placing this issue before the Court as soon as possible. Because the Resurgent Action was filed specifically to address the relationship revealed during discovery in the LVNV Action, consolidation would minimally lengthen the LVNV proceedings. On the other hand, consolidation will prevent the Resurgent Action from lagging behind as a largely redundant second litigation, ensuring that both Defendants are held accountable in a unified proceeding.

All that would need to be done is for the Parties to take discovery as to Resurgent and possibly disclosed experts. Plaintiff has no additional documents to turn over, so any pertinent materials—such as FCRA compliance materials, policies and procedures for dispute investigations, and the like—would come just from Resurgent. Plaintiff expects to take perhaps three depositions, those of Resurgent's corporate representative, and likely two dispute investigators. The Court has set the Rule 16(b) Conference for the Resurgent Matter for May 8, 2026 (Resurgent Action ECF 8), and Plaintiff does not believe it is unreasonable to expect the Parties to have discovery as to Resurgent completed by that date or shortly thereafter.

## VII. Conclusion

Consolidation will streamline these proceedings and preserve the resources of the Court and the Parties. Plaintiff therefore respectfully requests that the Court consolidate Case No. 1:25-cv-00850 and Case No. 1:26-cv-00442 for all purposes, including discovery and trial.

Respectfully,

ABEL L. PIERRE

By: */s/ Abel L. Pierre*

Abel L. Pierre, Esq.
*Attorneys for Plaintiff*

cc: All Counsel of Record (via ECF)

Application DENIED without prejudice as to its renewal.  The Court agrees that case No. 25 Civ. 850 (KPF) and case No. 26 Civ. 442 (KPF) involve common questions of law and fact, but given their vastly different procedural postures, and given that no party has provided any way for the cases to proceed in tandem, the Court does not believe that consolidation makes sense at this time.

If the parties come back with a proposal for how to bring into alignment the posture of the two cases, perhaps by delaying briefing in No. 25 Civ. 850 (KPF), the Court would reconsider this request.  Furthermore, there is no indication from the above letter that any conferral has happened between Plaintiff and Defendant in either case.  Before offering an additional proposal, Plaintiff must confer with Defendants and provide a more feasible manner of consolidation.

The Clerk of Court is directed to terminate the pending motion at docket entry 78 in case No. 25 Civ. 850 (KPF).  The Clerk of Court is further directed to file this endorsement on the dockets of case No. 25 Civ. 850 (KPF) and case No. 26 Civ. 442 (KPF).

Dated:    March 6, 2026          SO ORDERED.
          New York, New York


HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE